**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| **GARY LEON BARNES,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **No. 3:15-cv-00070-CAR-CHW** |
| | : | |
| **Commissioner HOMER BRYSON,** | : | **Proceedings Under 28 U.S.C. § 2254** |
| | : | **Before the U.S. Magistrate Judge** |
| **Respondent.** | : | |
| | : | |

## REPORT AND RECOMMENDATION

On July 2, 2015, Petitioner, Gary Barnes, filed a federal habeas action pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss as untimely and for lack of exhaustion on June 15, 2015, alleging that Petitioner failed to comply with the 1-year period of limitations applicable to Section 2254 habeas actions. Because Petitioner failed to file his Petition within the 1- year period of limitations prescribed by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d), it is **RECOMMENDED** that Respondent's Motion to Dismiss as Untimely be **GRANTED**.

I. Procedural History

On August 22, 1994, Petitioner entered a plea of guilty to one count of felony murder in the Superior Court of Walton County, Georgia. Doc. 1, p. 1. Petitioner received a life sentence. Doc. 15-2. Petitioner did not file an appeal or collaterally attack his conviction until 2001, when he filed a Motion for Permission to File Out-of-Time Appeal. Petitioner alleged that his guilty plea was not knowingly and voluntarily entered "because the trial court did not give him 'real notice' of the nature of the charges against him and his attorney did not inform him of his right to

appeal within 30 days." *Barnes v. State*, 274 Ga. 783 (2002). Petitioner's motion was denied, and the Supreme Court of Georgia affirmed on February 4, 2002. *Id.*

Petitioner next filed a "Motion to Vacate a Void Guilty Plea and Sentences under O.C.G.A. 17-9-4 and 17-20-1 (f)" in the Superior Court of Walton County" in February 2015. Doc. 1-3, p. 1; Doc 1-2, p. 1. The motion was denied on March 2nd, 2015, because the statutes Petitioner sought relief under could not support such relief. Doc. 1-2, p. 2. Petitioner's appeal of this denial was dismissed by the Georgia Supreme Court on June 1, 2015, because "such a motion is not an appropriate remedy in a criminal case and will not support" jurisdiction over the appeal. Doc. 1-2, p. 1. Petitioner then filed the present action on July 2, 2015. Petitioner challenges the validity of his guilty plea by alleging that the sentencing court did not inquire "into the issue of whether Petitioner waived constitutional right[s]," and because his "wife had drove Petitioner into insanity, sudden, violent, irresistible passion." Doc. 1, p. 5-6. Currently before the Court is respondent's motion to dismiss for untimeliness and/or lack of exhaustion.

II. AEDPA's Limitations Period

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a 1-year limitations period on petitions for habeas corpus relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Ordinarily, as here, AEDPA's 1-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Because Petitioner filed no timely direct appeal, his August 22, 1994, judgment of conviction became "final" 30 days later, on September 21, 1994, when the time for filing a notice of appeal expired. *See* O.C.G.A. § 5-6-38(a), *see also Salas v. Pierce*, 297 F. App'x 874, 878 (11th Cir. 2008). From that date, Petitioner had one year to file a timely petition for federal

habeas relief.  However, any period of time in which petitioner had a pending, properly filed application for State post-conviction or other collateral review does not "count" toward the period of limitation.  28 U.S.C. § 2244(d)(2).

Notwithstanding the times for which Petitioner's claim was tolled or arguably could have been tolled, his petition is clearly untimely. The AEDPA one year limitations period year ran on September 21, 1995, one year after Petitioner's judgment became final. Petitioner filed no action seeking relief during that one year period, and originally sought relief in 2001. By the time Petitioner filed his Motion for an Out of Time Appeal in 2011, Petitioner was already over five years too late. Petitioner's motion was denied and he was not allowed to pursue his untimely state court appeal. The AEDPA clock did not reset. See *Sykosky v. Crosby*, 187 F. App'x 953 (11th Cir. 2006) (holding that an untimely filed motion does not toll AEDPA's statute of limitations). The Supreme Court of Georgia's denied reconsideration on February 25, 2002, after which Petitioner did not file another action until early 2015. During the nearly thirteen year interim period, the AEDPA clock was not tolled. Had the clock not already expired, it would have expired during this period.

Petitioner's current action was filed nearly twenty-one years after his original conviction. For over eighteen of those years Petitioner had no pending state or federal court action and the AEDPA clock was running. The current action is clearly untimely.

Although the instant federal habeas petition is untimely, District Courts may equitably toll AEDPA's limitations period where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). Petitioner does not argue that he pursued his rights diligently or that circumstances prevented him from complying with AEDPA's 1-year limitations

period. Instead, Petitioner's response to Respondent's Motion to Dismiss argues that the relief he sought under O.C.G.A. 17-9-4 "has no statute of limitations."  Construing his pleadings liberally, however, Petitioner appears to be asserting that his claim of insanity, incompetence, and the voluntariness of his plea are exempt from any and all statute of limitations. Petitioner is incorrect. Claims of incompetency during the entry of a guilty plea are not exempt from AEDPA's limitation's period, and his assertions of incompetency at the time of plea do not explain his failure to file a state action for more than five years after judgment became final or his inaction for more than thirteen years following the denial of his Motion for Out-of-Time appeal. See *Humphrey v. Oubre*, 2010 WL 555423, at *2 (M.D. Ga.); *Fox v. McNeil*, 373 F. App'x 32 (11th Cir. 2010) (finding claim of involuntary plea due to incompetency at time of trial untimely under AEDPA.).

To the extent that Petitioner's substantive claim that the court and his attorney failed to advise him of his right to appeal may impact equitable tolling, the claim is without merit. *Spears v. Warden*, 605 F'x App'x 900, 903-04 (11th Cir. 2015) (holding that attorney negligence is not an 'extraordinary circumstance' justifying equitable tolling even assuming an defendant's attorney advised there was no right to appeal).  Procedural ignorance is not an excuse for prolonged inattention when a statute calls for prompt action. *Id.* (citing *Rivers v. U.S.*, 416 F.3d 1319, 1323 (11th Cir. 2005). Petitioner waited until 2001 to seek leave to appeal, and after his Motion for Out-of-Time Appeal was denied, Plaintiff waited over a decade before next seeking to challenge his conviction. Petitioner did not pursue his rights with reasonable diligence.

Therefore, it is **RECOMMENDED** that Respondent's Motion to Dismiss as Untimely (Doc. 11) be **GRANTED** and that the instant petition be **DISMISSED** as **UNTIMELY**. Additionally, Pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases,

it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is **FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order. Finally, pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned within <u>fourteen (14) days</u> after being served with a copy thereof.

      **SO RECOMMENDED**, this 4th day of March, 2016.


                    s/ Charles H. Weigle
                    Charles H. Weigle
                    United States Magistrate Judge