# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| GARY LEON BARNES, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 3:15-cv-00070-CAR-CHW |
| | : | |
| Commissioner HOMER BRYSON, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

## ORDER ON MOTION FOR RECONSIDERATION

Presently pending before the Court is Petitioner's Motion for Reconsideration. [Doc. 23]. In its April 27, 2016 Order [Doc. 21], the Court dismissed Petitioner's habeas petition as untimely, recognizing that he was not entitled to equitable tolling. In his Motion for Reconsideration, Petitioner raises concerns about the Court's ruling in a question and answer format. Petitioner argues that: (1) the Court did not hold a hearing; (2) the final Order was not signed by Judge Royal; (3) he did not ask for a certificate of appealability; (4) U.S. Magistrate Judge Charles H. Weigle is actually the attorney representing Respondent; and (5) the Report and Recommendation never addressed Petitioner's grounds or ineffective assistance of counsel claims. Petitioner's arguments are meritless and unfounded, and his motion must be denied.

Local Rule 7.6 cautions that "Motions for Reconsideration shall not be filed as a matter of routine practice."[1] A motion for reconsideration serves a "narrow purpose," primarily to "correct manifest errors of law or fact or to present newly discovered evidence that could not have been discovered at the time of the original motion."[2] Reconsideration is thus "appropriate only if the movant demonstrates that: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice."[3]

Petitioner's overarching argument challenges the dismissal of his case on the ground of exhaustion. As thoroughly explained by the Magistrate Judge in his Report and Recommendation, the Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a *strict* 1-year limitations period on petitions for federal habeas corpus relief under 28 U.S.C. § 2254.[4] Ordinarily, as here, AEDPA's 1-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[5]

---

[1] M.D. Ga. L.R. 7.6.
[2] *Hicks v. Battle*, No. 5:03-cv-307 (CAR), 2007 WL 2746660, at *1 (M.D. Ga. Sept. 18, 2007) (internal quotation marks and citation omitted).
[3] *Id.*
[4] *See* 28 U.S.C. § 2244(d)(1).
[5] 28 U.S.C. § 2244(d)(1)(A).

In this case, the AEDPA one year limitations period year ran on September 21, 1995, one year after Petitioner's judgment became final.[6] Petitioner filed no action seeking relief during that one year period, and originally sought relief in 2001. By the time Petitioner filed his Motion for an Out of Time Appeal in 2011, Petitioner was already over five years too late. Petitioner's motion was denied and he was not allowed to pursue his untimely state court appeal. The AEDPA clock did not reset.[7] Petitioner recognizes that he did not file a habeas action in his motion for reconsideration, but does not understand the significance of that fact. Moreover, Petitioner's motion does not show an intervening change in the law, or that new evidence has been discovered that was not previously available to the parties at the time the original order was entered. Thus, he is not entitled to relief from judgment in this case.

Neither has Petitioner shown that reconsideration is necessary to correct a clear error of law or prevent manifest injustice. In 1996, Congress passed, and the President signed, AEDPA, in hopes to "reduce delays in the execution of state and federal criminal sentences, particularly in capital cases, … and 'to further the principles of comity, finality, and federalism' by curtailing the ability of federal habeas courts to

---

[6] Because Petitioner filed no timely direct appeal, his August 22, 1994, judgment of conviction became "final" 30 days later, on September 21, 1994, when the time for filing a notice of appeal expired. *See* O.C.G.A. § 5-6-38(a), *see also Salas v. Pierce*, 297 F. App'x 874, 878 (11th Cir. 2008).

[7] *See Sykosky v. Crosby*, 187 F. App'x 953 (11th Cir. 2006) (holding that an untimely filed motion does not toll AEDPA's statute of limitations).

review state court judgments."[8] AEDPA's impact on federal habeas review is pronounced, and Courts are mandated to follow the intent of AEDPA at each stage of the proceeding.[9] While the results of AEDPA may appear unjust at times, Petitioner's current action was filed nearly twenty-one years after his original conviction. For over eighteen of those years Petitioner had no pending state or federal court action and the AEDPA clock was running. The current action is clearly untimely, and he is not entitled to have the clocked tolled.  Therefore, because Petitioner has failed to meet the standard for granting a motion for reconsideration, his Motion for Reconsideration [Doc. 23] is hereby **DENIED.**

    **SO ORDERED** this 6th day of July, 2016.

                                S/ C. Ashley Royal
                                C. ASHLEY ROYAL
                                UNITED STATES DISTRICT JUDGE

---

[8] *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (internal quotations omitted).
[9] *Johnson v. United States*, 340 F.3d 1219, 1224 (11th Cir. 2003), aff'd, 544 U.S. 295 (2005) ("we cannot accept an[y] alternative interpretation that would also run directly counter to the general congressional intent behind AEDPA").